United States District Court
Southern District of Texas
**ENTERED**
March 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WEB APPS AGENCY, LLC, *et al.*, § § Plaintiffs. § § V. § CIVIL ACTION NO. 4:23-cv-01524 § HNTB CORPORATION, *et al.*, § § Defendants. § | |

## ORDER

Pending before me is Defendant HNTB Corporation's Motion for Leave to File Motion for Summary Judgment. Dkt. 65. The motion is denied.

The deadline to file dispositive motions in this case expired on November 23, 2024. *See* Dkt. 43 at 2. Because HNTB seeks leave to file a dispositive motion after the deadline set by the scheduling order, I must ascertain whether HNTB has demonstrated "good cause to modify the scheduling order." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also* FED. R. CIV. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent."). The "good cause" inquiry "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters.*, 315 F.3d at 535). The Fifth Circuit has explained that there are four factors to consider "when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). Here, all four factors counsel against granting HNTB's motion for leave.

"The first factor under Rule 16(b)'s good-cause standard is the justification for the delay, which courts within this circuit have described as the most important factor." *Drummond v. Cajun Valve Servs., LLC*, No. 2:20-cv-37, 2022 WL 1479954, at *3 (S.D. Miss. May 10, 2022) (quotation omitted) (collecting cases). HNTB has explained how Plaintiffs' delayed discovery production and the late date of Plaintiffs' deposition frustrated HNTB's ability to file a dispositive motion by the November 23, 2024 deadline. That said, HNTB deposed Plaintiff on January 14, 2025, but did not file its motion for leave until February 13, 2025. HNTB makes no attempt whatsoever to explain its monthlong delay in moving for the relief it now seeks. "Although the Court recognizes that preparing a motion for summary judgment can be intensive and time-consuming, the Court finds it significantly less excusable to delay a request for leave to file, particularly where the request concerns as time-sensitive and impactful an issue as summary judgment." *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17-cv-546, 2019 WL 856400, at *4 (E.D. Tex. Jan. 16, 2019) (quotation omitted). HNTB's unexplained monthlong delay in moving for leave "weighs against finding good cause." *Id.*

As for the importance of allowing HNTB to late file a motion for summary judgment, HNTB offers but one argument: that "a motion for summary judgment may narrow the issues for trial or resolve the entire case, thereby enhancing judicial efficiency." Dkt. 65 at 11. If HNTB is truly concerned about judicial efficiency, then it should have engaged the court to resolve its discovery issues well in advance of the discovery deadline. Judicial efficiency is broader than this case alone. HNTB has been dilatory in failing to timely resolve discovery disputes and failing to timely move to request the relief it seeks now. Allowing HNTB to proceed in this scenario would undercut the notion that judicial efficiency is important throughout the life cycle of a case, not just at the summary judgment phase.

As for potential prejudice and the availability of a continuance to cure such prejudice, if any, I find that these factors are neutral at best and, at worst, they counsel against finding good cause. Despite Plaintiffs' protestations to the

contrary, they would not seriously be prejudiced by briefing a late-filed summary judgment motion, especially if the court were to grant a continuance. But Defendants Just Touch Holdings, LLC; Just Touch Interactive, LLC; Dr. Carlos Vital; and Vita Boot Tech, LLC have a motion for partial summary judgment that is ripe for ruling. *See* Dkt. 55. It would be prejudicial to these defendants—who have complied with the scheduling order—to delay a trial on the merits.

In conclusion, HNTB has not offered an explanation—much less a good one—for waiting a month to file the instant motion. For this reason and the others discussed above, HNTB's motion is denied.

SIGNED this 19th day of March 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE